MARY S. HOWLAND *vs.* DANIEL L. D. GRANGER, City
Treasurer.

PROVIDENCE—MARCH 2, 1900.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Husband and Wife. Domicile. Taxation.*

A wife cannot acquire a domicile distinct from that of her husband so as to
affect the liability of her personal estate to taxation at the place of her
husband's domicile, so long as the unity of the marriage relation continues,
notwithstanding that from considerations of health the wife is, with the
consent of the husband, actually living in a different place from the
latter.

*Semble,* whenever it is necessary or proper for the wife to do so, as where the husband and wife are living apart by mutual consent, or where the wife has been abandoned by the husband, or for purposes of divorce, or whenever the wife has adversary interests to those of the husband, a distinct domicile may be acquired.

ASSUMPSIT for money had and received. The action was brought to recover the amount of a tax assessed upon the personal estate of the plaintiff by the assessors of taxes of the city of Providence, the plaintiff having paid the tax to the city treasurer under protest. The husband of the plaintiff was, on the day of the assessment, a domiciled inhabitant of the city of Providence. The plaintiff was at said time living in Asheville, North Carolina, for her health, with the intention of making said place her permanent home. Heard on pleadings and agreed statement of facts.

MATTESON, C. J. The question raised on the agreed statement of facts is whether a married woman, while the unity of the marriage relation exists undisturbed between them, can acquire a domicile other than that of her husband. In behalf of the plaintiff it is contended that she can. The contention rests on the argument that the common law status of a married woman by which her legal existence is suspended during the marriage, or merged in that of her husband, 1 Blacks. Com. 422, has largely ceased to obtain in modern times, and especially in this State, where the law recognizes her as having a separate existence and separate rights as to her property, and consequently separate interests. (1) After a careful examination of the authorities, however, we have come to the conclusion that though a wife may acquire a domicile distinct from that of her husband whenever it is necessary or proper for her to do so, as, for instance, where the husband and wife are living apart by mutual consent, *In re Florence,* 61 N. Y. Supreme Court, 328 ; or where the wife has been abandoned by the husband, *Shute* v. *Sargent,* 67 N. H. 305 ; or for purposes of divorce, *Ditson* v. *Ditson,* 4 R. I. 87 ; or, in short, whenever the wife has adversary interests to those of her husband, she cannot acquire such a domi-

cile so long as the unity of the marriage relation continues, notwithstanding that from considerations of health, as in the present case, or of expediency, one of the parties, with the consent of the other, is actually living in a different place from the other. The question was apparently carefully considered in *McClellan* v. *Carroll*, 42 S. W. Rep. 185. In this case the husband of the defendant, Clear, who had formerly resided in Tennessee, had removed to and become a domiciled resident of Missouri. She had remained in Tennessee with the view of retaining a homestead. They had not separated. There was no disagreement between them, and neither had deserted the other. It was held that she was not a resident of Tennessee, and could not claim a homestead for the reason that where the relation of husband and wife exists, and the unity of the marriage state is maintained, the domicile of the husband is in legal contemplation that of the wife, even though the actual residence of the husband may be in one place and that of the wife in another ; and see *Harteau* v. *Harteau*, 14 Pick. 181 ; *Harrison* v. *Harrison*, 20 Ala. 629 ; *Beard* v. *Knox*, 5 Cal. 252 ; *Hairston* v. *Hairston*, 27 Miss. 704 ; *Harding* v. *Alden*, 9 Greenl. 140 ; *Dougherty* v. *Snyder*, 15 Ser. & R. 84.

While the language of the court in *Shute* v. *Sargent*, 67 N. H. 305, is broad enough to support the plaintiff's contention as to the power of the wife to acquire a separate domicile for all purposes, the case shows that the wife had been abandoned by the husband, and the decision of the court seems to rest on that ground.

Our opinion is that judgment should be rendered for the defendant for costs.

*Comstock & Gardner*, for plaintiff.

*Francis Colwell, City Solicitor, and Albert A. Baker, Assistant City Solicitor of the city of Providence*, for defendant.