THOMPSON et al. v. STALMANN et al.

(Circuit Court, D. Nevada. July 3, 1905.)

No. 799.

FEDERAL COURTS—JURISDICTION—PARTIES—DOMICILE—WIFE.

Where, in a suit in the federal courts, one of the plaintiffs was a married woman whose husband, for more than three years prior to the institution of the action and at the time thereof, was a resident and citizen of the state of Nevada, the wife's domicile for the purpose of jurisdiction was also there, though she in fact resided during such time in another state.

[Ed. Note.—Diverse citizenship as ground of federal jurisdiction, see Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

Plea in Abatement.

M. S. Bonnifield and Sardis Summerfield, for plaintiffs.
H. Warren, for defendants.

HAWLEY, District Judge (orally). After this court refused to remand the case to the state court (Thompson v. Stalmann, 131 Fed. 809), the plaintiffs filed a plea in abatement against the jurisdiction of this court, praying that the cause be remanded to the state court. To this petition was attached an affidavit of Mrs. S. C. Thompson, one of the plaintiffs herein, wherein she states that she is a resident and citizen of the state of Utah, and "that at the time of the commencement of this suit, and before that time, she was residing and had her home in Salt Lake City, Utah, and has ever since so resided and now so resides with a part of her family, with her property and household effects, as her home and domicile, and that she is not a resident nor a citizen of any other state nor territory except the state of Utah, and has not been for a period of two

years last past." The defendants in due time filed a replication to said plea, denying that Mrs. Thompson was a resident of the state of Utah. The admitted facts upon the hearing are that Mrs. Thompson, at all the times stated in the pleadings, was the wife of George F. Thompson, who for more than three years last past has been and now is a resident and citizen of the state of Nevada. The only question to be determined is whether, under these facts, Mrs. Thompson, at the time the action was brought, was a resident of the state of Nevada or of Utah.

The general rule is that the domicile of the husband is the domicile of the wife. The mere fact that Mrs. Thompson, at all the times mentioned, was residing in Utah, does not change the general rule. In Tsoi Sim v. United States, 116 Fed. 920, 923, 54 C. C. A. 154, the Circuit Court of Appeals of this circuit said:

"That the domicile of the husband is the domicile of the wife is well settled. It was so expressly held in Anderson v. Watts, 138 U. S. 694, 706, 11 Sup. Ct. 449, 34 L. Ed. 1078."

Many authorities upon this point are cited in the Anderson Case, and others will be found in 10 Am. & Eng. Ency. L. (2d Ed.) 32. See, also, Howland v. Granger (R. I.) 45 Atl. 740.

Mrs. Thompson has not brought herself within any of the exceptions to the general rule, and in contemplation of law, upon the facts stated, must be considered and treated as a resident and citizen of Nevada.

Plaintiffs' plea is overruled, and prayer denied.