## . ROBERTSON *v.* CEASE.

1 Where the jurisdiction of a court of the United States depends upon the citizenship of the parties, such citizenship, and not simply their residence, must be shown by the record.

2 The ruling in *Railway Company* v. *Ramsey* (22 Wall. 322), approved in *Briges* v. *Sperry* (95. U. S. 401), that such citizenship need not necessarily be averred in the pleadings, if it otherwise affirmatively appears by the record, does not apply to papers copied into the transcript which do not make a part of the record by bill of exceptions, or by an order of the court referring to them, or by some other mode recognized by law.

3. The presumption that a case is without the jurisdiction of the Circuit Court, remains now as it was before the adoption of the Fourteenth Amendment to the Constitution of the United States.

4. The defendant having made no objection in the court below to its jurisdiction, by reason of the non-averment of the citizenship of the plaintiff, this court, in reversing the judgment, grants leave to the latter to amend his declaration in respect to his citizenship at the commencement of the suit, if it be such as to authorize that court to proceed with the trial.

ERROR to the Circuit Court of the United States for the Western District of Texas.

The facts are stated in the opinion of the court.

*Mr. Halbert E. Paine* for the plaintiff in error.
*Mr. Philip Phillips, contra.*

MR. JUSTICE HARLAN delivered the opinion of the court.

This action was instituted on the 25th of September, 1873, by Cease, as the assignee of a note for $4,190, executed in Texas by Robertson, plaintiff in error, on the 2d of October, 1860, and made payable July 1, 1861, to the order of W. J. Chamblin, with interest at the rate of ten per cent per annum from date.

Does it sufficiently appear from the record that the case is within the jurisdiction of the Circuit Court? That is the first question to be considered upon this writ of error.

The payee, Chamblin, a citizen of Illinois, died in that State on the 29th of April, 1871. In September, 1873, the note sued on was assigned by his administrators to Cease. It appears from the pleadings that the heirs and administrators of Chamblin were also citizens of Illinois, both when the note was assigned to Cease and at the commencement of this action. It is also averred that Robertson, when sued, was a citizen of Texas, but there is no allegation as to the citizenship of Cease. The averment as to him is, that he "resides in the county of Mason and State of Illinois." It is, however, claimed by counsel to be apparent, or to be fairly inferred from certain documents or papers copied into the transcript, that Cease was, at the commencement of the action, a citizen of Illinois. One of those documents is a written notice, served by Robertson upon Cease's attorneys, that he would apply for a commission to examine as witnesses, in support of the plea in abatement, "Chamblin, Winn, and Henry Cease, citizens of the county of Mason, State of Illinois." The commission which issued, under that notice, from the clerk's office directed the examination of these witnesses, who are, in that document also, described as citizens of Illinois. The other document referred to is the deposition of Cease, which opens thus: "My name is Henry Cease; residence, Mason County, Illinois; age, 52 years; occupation, grain dealer and farmer."

It is the settled doctrine of this court that, in cases where the jurisdiction of the Federal courts depends upon the citizen ship of the parties, the facts, essential to support that jurisdiction, must appear somewhere in the record. Said the Chief Justice, in *Railway Company* v. *Ramsey*, 22 Wall. 322 : " They need not necessarily, however, be averred in the pleadings. It is sufficient if they are, in some form, affirmatively shown by the record." That view was approved in the subsequent case of *Briges* v. *Sperry*, 95 U. S. 401. Under the doctrine of these cases, it is contended that the citizenship of Cease in Illinois is satisfactorily shown by the foregoing documents, which, it is insisted, are a part of the record upon this writ of error. But this position cannot be maintained. It involves a misapprehension of our former decisions. When we declared that the record, other than the pleadings, may be referred to in this court, to ascertain the citizenship of parties, we alluded only to such portions of the transcript as properly constituted the record upon which we must base our final judgment, and not to papers which had been improperly inserted in the transcript. Those relied upon here to supply the absence of distinct averments in the pleadings as to the citizenship of Cease, clearly do not constitute any legitimate part of the record. They are not so made either by a bill of exceptions, or by any order of the court referring to them, or in any other mode recognized by the law. As there is nothing to show that the deposition of Cease, or the commission or notice under which it was taken, was before the jury or the court for any purpose, during the trial, no fact stated in them can be made the foundation of any decision we might render, either upon the merits or the question of jurisdiction. Looking, then, at the pleadings, and to such portions of the transcript as properly constitute the record, we find nothing beyond the naked averment of Cease's residence in Illinois, which, according to the uniform course of decisions in this court, is insufficient to show his citizenship in that State. Citizenship and residence, as often declared by this court, are not synonymous terms. *Parker et al.* v. *Overman*, 18 How. 137.

In the oral argument before this court, the inquiry arose, whether since the adoption of the Fourteenth Amendment to the

Federal Constitution the mere allegation of residence in Illinois did not make such a *prima facie* case of citizenship in that State as, in the absence of proof, should be deemed sufficient to sustain the jurisdiction of the Circuit Court. That amendment declares that " all persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States, and of the State where they reside." It was suggested that a resident of one of the States is *prima facie* either a citizen of the United States or an alien, — if a citizen of the United States, and also a resident of one of the States, he is, by the terms of the Fourteenth Amendment, also a citizen of the State wherein he resides, — and if an alien, he was entitled in that capacity to sue in the Federal court, without regard to residence in any particular State. It is not to be denied that there is some force in these suggestions, but they do not convince us that it is either necessary or wise to modify the rules heretofore established by a long line of decisions upon the subject of the jurisdiction of the Federal courts. Those who think that the Fourteenth Amendment requires some modification of those rules, claim, not that the plaintiff's residence in a particular State necessarily or conclusively proves him to be a citizen of that State, within the meaning of the Constitution, but only that a general allegation of residence, without indicating the character of such residence, whether temporary or permanent, made a *prima facie* case of right to sue in the Federal courts. As the jurisdiction of the Circuit Court is limited in the sense that it has none except that conferred by the Constitution and laws of the United States, the presumption now, as well as before the adoption of the Fourteenth Amendment, is, that a cause is without its jurisdiction unless the contrary affirmatively appears. In cases where jurisdiction depends upon the citizenship of the parties, such citizenship, or the facts which in legal intendment constitute it, should be distinctly and positively averred in the pleadings, or they should appear affirmatively, and with equal distinctness, in other parts of the record. And so where jurisdiction depends upon the alienage of one of the parties. In *Brown* v. *Keene* (8 Pet. 115), Mr. Chief Justice Marshall said : " The decisions of this court require that the averment of jurisdiction shall be positive, that

the declaration shall state expressly the fact on which jurisdiction depends. It is not sufficient that jurisdiction may be inferred argumentatively from its averments." Here the only fact averred, or appearing from the record, is that Cease was a resident of Illinois ; and we are, in effect, asked, in support of the jurisdiction of the court below, to infer argumentatively, from the mere allegation of " residence," that, if not an alien, he had a fixed permanent domicile in that State, and was a native or naturalized citizen of the United States, and subject to the jurisdiction thereof. By such argumentative inferences, it is contended that we should ascertain the fact, vital to the jurisdiction of the court, of his citizenship in some State other than that in which the suit was brought. We perceive nothing in either the language or policy of the Fourteenth Amendment which requires or justifies us in holding that the bare averment of the residence of the parties is sufficient, *prima facie*, to show jurisdiction. The judgment must, therefore, be reversed, upon the ground that it does not affirmatively appear from the record that the defendant in error was entitled to sue in the Circuit Court.

The plaintiff in error insists that the reversal should be with directions to dismiss the petition, since he contends that an amendment of the pleadings, stating the citizenship of Cease, would be, in legal effect, a new suit, asserting a new cause of action, which would be barred by the Statute of Limitations. But it is clear that an amendment of that nature could not be so regarded, either upon principle or authority. It would introduce no new cause of action. It would only show, if its allegations as to citizenship are true, that the court had jurisdiction, from the commencement of the litigation, of the cause of action set out in the original petition. Whether after such an amendment the action would be barred by limitation would depend upon the time which had elapsed before the filing of the original petition, and not upon the time which had elapsed previous to the amendment. The allowance of such an amendment, under the circumstances of this case, is sustained by the former practice of this court. In *Morgan's Ex'rs* v. *Gay* (19 Wall. 81), the judgment of the court below was reversed, because it did not affirmatively appear that the citizenship of the parties was

such as to give it jurisdiction; and the cause was sent back, "that amendment may be made in the pleadings, showing the citizenship of the indorser of the bills, if it be such as to give the court jurisdiction of the case." Such a course is peculiarly proper in this case, in view of the failure of the plaintiff in error to make, in the court below, the precise question of jurisdiction which he urges upon our consideration. He filed, it is true, a plea to the jurisdiction of the Circuit Court; but it did not impeach its jurisdiction upon the distinct ground that Cease did not appear to be a citizen of the State in which he resided. His denial of jurisdiction was upon the ground that the assignment to Cease was merely colorable, and for the fraudulent purpose of dispensing with letters of administration upon Chamblin's estate in Texas, thereby enabling a suit to be brought in the court below, in the name of the assignee, but really for the use and benefit of that estate. The parties, as we infer from the record, went to trial before the jury without any real controversy as to the citizenship of Cease being in Illinois. After verdict, Robertson moved in arrest of judgment, upon the general ground that there was "no cause of action stated in plaintiff's petition of which this court can take cognizance, and because it appears from the face of the pleadings that this court has no jurisdiction of the cause." But we cannot feel sure, from this general language, or from any thing in the record, that attention was called in the court below to the defect in the pleadings to which our attention has been specially directed. For these reasons the defendant in error should be allowed to amend the petition in respect to his citizenship at the commencement of the action, if his citizenship was then such as to authorize the court to proceed with the trial.

The assignment of errors embraces other questions, as to which we withhold any expression of opinion. Since the record shows no case of which the Circuit Court had jurisdiction, we do not feel at liberty, upon this writ of error, to determine any point affecting the merits of the litigation.

The judgment of the Circuit Court must, therefore, be reversed, with directions to grant a new trial, and for such further proceedings as may be in conformity to this opinion; and it is

*So ordered.*