## GIBSON *v.* BRUCE.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF OHIO.

Decided May 7th, 1883.

*Removal of Causes.*

A suit cannot be removed from a State court, under the act of 1875, unless the requisite citizenship of the parties exists both when the suit was begun and when the petition for removal was filed.

Motion to dismiss or affirm. The only point at issue was whether the case was one which could be removed from the State court. When the suit was brought in the State court the appellant and the appellee were citizens of different States. The defendant at the term of the court at which the cause could be first tried, and before the trial thereof, moved for its removal to the federal court, and after hearing an order of removal was made in the State court. The plaintiff then in the federal court moved to remand it on the ground that at the time of the filing of the motion to remand, and at the time of the application for removal, the plaintiff and defendant were both citizens of the same State. The court below heard the parties on this motion, and granted it; from which order an appeal was taken.

Mr. *T. McDougall*, Mr. *G. Hoadly*, Mr. *E. M. Johnson*, and Mr. *E. Colston* for appellant, cited *Insurance Company* v. *Pechner*, 95 U. S. 183; *Mollan* v. *Torrance*, 9 Wheaton, 537; *Holden* v. *Putnam Fire Insurance Company*, 46 N Y. 1; *Burdick* v. *Peterson*, 6 Fed. Rep. 840; *Houser* v. *Clayton*, 3 Woods C. Ct. 273; *Tapley* v. *Martin*, 116 Mass. 275; *Kaeiser* v. *Illinois Central Railroad Company*, 6 Fed. Rep. 1; *Beede* v. *Cheeney*, 5 Fed. Rep. 388; *Rawle* v. *Phelps*, 9 Central Law Journal, 46; *Indianapolis, &c., Railway Company* v. *Risley*, 50 Ind. 64; *French* v. *Hay*, 22 Wall. 231; Dillon on Removal of Causes, § 66.

Mr. *T. D. Lincoln* for appellee, cited *Murray* v. *Holden*, 1

McCrary's Reports, 341; *Cramer* v. *Mack*, 12 Fed. Rep. 803; *Babbitt* v. *Clarke*, 103 U. S. 606; *Fulton* v. *Golden*, 9 Cent. Law Journal, 286; *Scott* v. *Clinton, &c., Railroad Company*, 6 Biss. 529; *Ames* v. *Colorado Central Railroad Company*, 4 Dillon, 260; *Kerting* v. *American Oleograph Company*, 10 Fed. Rep. 17; *Hebert* v. *Lefevre*, 31 La. An. 363; *The C. B. & Q. Railroad Company* v. *Welch*, 44 Iowa, 665; *Stough* v. *Hatch*, 16 Blatchford, 233; *Miller* v. *Kent*, 60 Howard's Practice R. 451; *Berrian* v. *Chetwood*, 9 Fed. Rep. 678; *Traders' Bank* v. *Tallmadge*, 9 Fed. Rep. 363; *Aldrich* v. *Crouch*, 10 Fed. Rep. 305; *New York Warehouse, &c., Company* v. *Loomis*, 122 Mass. 431.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

In this case the court below decided that under the act of March 3d, 1875, c. 137, there could not be a removal to the Circuit Court of the United States of a suit in a State court between parties who were citizens of different States when the suit was begun, if when the petition for removal was filed the parties were all citizens of the same State. To reverse an order remanding a suit on that ground, this appeal was taken.

Under the judiciary act of 1789 (sec. 12), it was held, in *Insurance Company* v. *Pechner*, 95 U. S. 183, that there could not be a removal unless the necessary citizenship existed when the suit was begun. That act provided only for a removal on the application of the defendant when the plaintiff was a citizen of the State in which the suit was brought, and the defendant was required to file his petition for removal at the time of entering his appearance in the State court. Under such circumstances changes of citizenship, after the suit was begun and before the time for applying for a removal, would not often occur.

The act of 1875 is radically different from any which preceded it. Under that act either party may petition for removal, and neither party need be a citizen of the State in which the suit was brought. The material language is as follows:

"That any suit of a civil nature at law or in equity, now pend-

ing or hereafter brought in any State court, . . . in which there shall be a controversy between citizens of different States, . . . either party may remove said suit into the circuit court of the United States for the proper district."

In order to obtain the removal, a petition therefor must be filed in the State court at or before the term at which the cause could be first tried, and before the trial. In the present case the petition was not filed until nearly two years after the commencement of the suit.

The construction of the act is by no means free from doubt, but on full consideration we are of opinion that the requirement of the old law, that the necessary citizenship should exist when the suit was brought, was not abolished. We cannot believe it was intended to allow a party to deprive a State court of the jurisdiction it has once rightfully acquired over him by changing his citizenship after a suit is begun, and that would be the effect of the law if the right of removal is made to depend only on the citizenship existing at the time a removal is applied for. But we are also of opinion that because of the extension of the time for applying for a removal, and because neither party need be a citizen of the State in which the suit is brought and either party may apply, it was the intention to provide that the controversy should be between citizens of different States at the time of the removal. In this way the jurisdiction of the Circuit Court of the United States will only attach when there shall be a controversy between citizens of different States at the time the suit is transferred, and the right to the transfer will depend on the citizenship when the suit was begun and when the petition for removal is filed.

We, therefore, hold that a suit cannot be removed from a State court under the act of 1875, unless the requisite citizenship of the parties exists both when the suit was begun and when the petition for removal is filed.

*The order remanding the cause is affirmed.*