## CRASWELL v. BELANGER.

### (Circuit Court of Appeals, Ninth Circuit. May 8, 1893.)

### No. 75.

**1. REMOVAL OF CAUSES—DIVERSE CITIZENSHIP—RECORD.**

The complaint originally filed in a cause that was afterwards removed to the United States circuit court alleged that plaintiff was a resident of the state of Washington, and defendant was a resident of Prince Edward's island, in the dominion of Canada, on certain dates therein mentioned, all of which were prior to the bringing of the action. The petition for removal alleged that "said suit is a controversy between plaintiff, a citizen of Washington, and this defendant, who is * * * a citizen of the British empire," etc. *Held,* that it does not affirmatively appear that this diversity of citizenship existed at the time the action was commenced, and the circuit court had no jurisdiction.

**2. SAME—APPEAL—REVERSAL—COSTS.**

As it appears that the improper removal in such case is solely the fault of the defendant in failing to state in his petition the necessary jurisdictional facts, the reversal of the judgment against him on a writ of error brought by him must be at his costs.

In Error to the Circuit Court of the United States for the Northern Division of the District of Washington.

This was an action by Mary E. Belanger against Robert H. Craswell for breach of marriage promise. There were verdict and judgment for plaintiff in the court below, and the defendant brings error. Judgment reversed.

James Hamilton Lewis, for plaintiff in error.

George W. Tyler, (Tyler, Hays & Tyler, on the brief,) for defendant in error.

Before McKENNA and GILBERT, Circuit Judges, and HAWLEY, District Judge.

HAWLEY, District Judge. This action was commenced in the superior court of the state of Washington for the county of Jefferson on October 12, 1891, by the defendant in error, (plaintiff in the court below,) to recover damages for breach of promise of marriage. The plaintiff in error, (defendant in the court below,) before the time for answer expired, appeared and filed a petition and bond for the removal of the case from the state court to the United States circuit court for the district of Washington, whereupon the state court made an order allowing the removal, and proceeded no further in the case. The record from the state court was filed in the United States circuit court on the 24th of March, 1892. No objection was ever made by either party as to the sufficiency of the record to authorize the removal of the case. The case was tried in the circuit court, and resulted in favor of the defendant in error.

The plaintiff in error in this court, at whose instance the case was removed from the state court, now claims, for the first time, that the circuit court had no jurisdiction to hear or try the case. The question of jurisdiction is to be determined by the test of the

sufficiency of the record to show the necessary diversity of the citizenship of the parties. Upon this point the complaint alleges "that defendant is, and at all the times hereinafter stated was, a resident of Bloomfield, Prince Edward's island, in the dominion of Canada, * * * and that the plaintiff is a resident of Port Townsend, in the state of Washington." The various times alluded to in the complaint refer to certain dates in the years 1884, 1888, 1890, and 1891. The petition for removal states that "said suit is a controversy between the plaintiff, who is a citizen of the state of Washington, and this defendant, who is not a citizen of the state of Washington, and is a foreign citizen and subject; that is to say, a citizen of the British empire, and a subject of her Britannic majesty, Queen Victoria." It does not affirmatively appear from these statements that at the time of the commencement of the action the plaintiff therein was a citizen of the state of Washington, or that the defendant therein was a citizen of the dominion of Canada. The record is silent as to the citizenship of the parties at that time. This omission is fatal to the jurisdiction of the circuit court. The supreme court of the United States has repeatedly and uniformly held:

1. That in order to justify the removal of a cause from a state court to the national courts the necessary jurisdictional facts must affirmatively appear in the record of removal, that no presumptions can be indulged in, in favor of the jurisdiction of the national courts, and that, where the jurisdiction of the national courts does not affirmatively appear in the record, the appellate court will on its own motion notice the defect. Robertson v. Cease, 97 U. S. 648; Turner v. Trust Co., 106 U. S. 554, 1 Sup. Ct. Rep. 519; Railway Co. v. Swan, 111 U. S. 379, 4 Sup. Ct. Rep. 510; Timmons v. Land Co., 139 U. S. 378, 11 Sup. Ct. Rep. 585. See, also, Telephone Co. v. Robinson, 48 Fed. Rep. 769, 1 C. C. A. 91, and authorities post.

2. That in order to authorize the removal of a cause, the diversity of the citizenship of the parties must be shown to exist at the time of the commencement of the action, as well as at the time of the filing of the petition for the removal. Gibson v. Bruce, 108 U. S. 561, 2 Sup. Ct. Rep. 873; Railway Co. v. Shirley, 111 U. S. 358, 4 Sup. Ct. Rep. 472; Railway Co. v. Swan, 111 U. S. 379, 4 Sup. Ct. Rep. 510; Akers v. Akers, 117 U. S. 197, 6 Sup. Ct. Rep. 669; Stevens v. Nichols, 130 U. S. 230, 9 Sup. Ct. Rep. 518; Jackson v. Allen, 132 U. S. 27, 10 Sup. Ct. Rep. 9; Graves v. Corbin, 132 U. S. 591, 10 Sup. Ct. Rep. 196; La Confiance Compagnie v. Hall, 137 U. S. 61, 11 Sup. Ct. Rep. 5. That an averment as to the residence of the parties is not the equivalent of an averment of citizenship for the purpose of giving the national courts jurisdiction. Robertson v. Cease, 97 U. S. 648; Insurance Co. v. Rhoads, 119 U. S. 237, 7 Sup. Ct. Rep. 193; Everhart v. College, 120 U. S. 223, 7 Sup. Ct. Rep. 555; Menard v. Goggan, 121 U. S. 253, 7 Sup. Ct. Rep. 873. See, also, Telephone Co. v. Robinson, (5th Circuit,) 1 C. C. A. 91, 2 U. S. App. 148, 48 Fed. Rep. 769; Tinsley v. Hoot, 3 C. C. A. 612, 53 Fed. Rep. 682.

3. That, where the record (as in this case) does not affirmatively show that the circuit court of the United States had jurisdiction, the judgment will be reversed without any inquiry into the merits; but, where it appears (as it does here) that the fault of the improper removal of the case rests solely with the plaintiff in error in failing to state in his petition for removal the necessary jurisdictional facts, the reversal must be at his costs. Railway Co. v. Swan, 111 U. S. 379, 4 Sup. Ct. Rep. 510; Hancock v. Holbrook, 112 U. S. 229, 5 Sup. Ct. Rep. 115; Halsted v. Buster, 119 U. S. 341, 7 Sup. Ct. Rep. 276; Clay v. College, 120 U. S. 223, 7 Sup. Ct. Rep. 555; Menard v. Goggan, 121 U. S. 253, 7 Sup. Ct. Rep. 873; Stevens v. Nichols, 130 U. S. 230, 9 Sup. Ct. Rep. 518; Graves v. Corbin, 132 U. S. 590, 10 Sup. Ct. Rep. 196.

These authorities conclusively show that the state court had no authority to remove this case, and that the circuit court had no jurisdiction in the premises. The judgment of the circuit court is therefore reversed, with costs against the plaintiff in error, (defendant in the court below,) and this case is remanded, with directions to the circuit court to enter a judgment against him for the costs incurred in the circuit court, and in this court, and thereupon to remand the case to the state court from whence it came.