## GRAND TRUNK RY. CO. v. TWITCHELL.

(Circuit Court of Appeals, First Circuit. February 1, 1894.)

No. 56.

1. FEDERAL COURTS—JURISDICTION—DUTY OF COURT.
    It is the duty of a federal appellate court to take notice, of its own motion, that the record does not show jurisdiction in the court below, and thereupon to remand the cause. Railway Co. v. Swan, 4 Sup. Ct. 510, 111 U. S. 379, followed.

2. REMOVAL OF CAUSES—LOCAL PREJUDICE.
    The third subdivision of Rev. St. § 639, applies only in cases between citizens of different states, and not when one of the parties is an alien. Young v. Parker's Adm'r, 10 Sup. Ct. 75, 132 U. S. 267, applied.

3. SAME—DIVERSE CITIZENSHIP—HOW ALLEGED.
    An averment of residence is not equivalent to an averment of citizenship.

4. SAME.
    The description of a party as being "of Greenwood, in the state of Maine," is not equivalent to an allegation of citizenship.

5. SAME—DIVERSITY NECESSARY AT COMMENCEMENT OF ACTION.
    Diversity of citizenship must be shown to exist at the commencement of the action, and also at the time of removal; and hence, when a party

dies, the substitution of an administrator having the requisite citizenship does not make the case removable.

6. SAME—JURISDICTION OF APPELLATE COURT—COSTS.

On a writ of error in an action which appears to have been improperly removed, the appellate court has jurisdiction so far as to determine whether the circuit court had jurisdiction to hear and determine the case on its merits, and has jurisdiction, therefore, to award costs.

7, SAME—DIVERSITY FIRST APPEARING ON APPEAL—AMENDMENTS.

The record must show on its face, at the time of the application for removal, that the cause is removable, and therefore amendments to the record for the purpose of showing diverse citizenship cannot be permitted in the circuit court of appeals. Nor is the jurisdiction helped out by the fact that diverse citizenship appears from the bond filed with the petition for a writ of error, and in the evidence preserved by the bill of exceptions.

In Error to the Circuit Court of the United States for the District of New Hampshire. Reversed.

Almon A. Strout, Irving W. Drew, and William H. Coolidge, for plaintiff in error.

James W. Remick, J. S. H. Frink, Geo. A. Bingham, and Daniel C. Remick, for defendant in error.

Before PUTNAM, Circuit Judge, and WEBB and CARPENTER, District Judges.

CARPENTER, District Judge. This is an action at law, and was originally brought the 28th of January, 1885, in the supreme court of the state of New Hampshire, by Henry F. Noyes, "of Greenwood, in the state of Maine," against the Grand Trunk Railway Company, "a corporation organized under the laws of the dominion of Canada, and a citizen thereof," to recover damages for alleged negligence of the defendant. The action was removed into the circuit court for the district of New Hampshire by the defendant, and was there tried by a jury, and now is brought here on a writ of error, which has been fully argued on the merits of the exceptions on which the writ of error was based, neither party making any claim adverse to the jurisdiction of the circuit court or of this court to hear and determine the controversies arising in the action. It seems to us, however, that the jurisdiction of the circuit court does not appear from the record, and that the action must be remanded to the state court.

Upon observing the insufficiency of the record, we have called the matter to the attention of counsel in the case, and have given them an opportunity to file briefs on the questions which are raised, and the defendant in error has accordingly filed such a brief.

The first question we meet is whether it be the duty of the court to take notice of the record, and, if jurisdiction do not appear, to remand the cause; and we have no hesitation in answering this question in the affirmative, on the authority of Railway Co. v. Swan, 111 U. S. 379, 4 Sup. Ct. 510; and Burnham v. Bank, 3 C. C. A. 486, 53 Fed. 163.

The petition for removal alleges that when the said Twitchell became a party to the cause, as administrator of Henry F. Noyes, de-

ceased, at the April term, 1885, of the supreme court, there was a controversy between the said Twitchell, who was a citizen of New Hampshire, and the petitioner, which was and is an alien corporation, and that the petitioner believes "that, from prejudice and local influence, it will not be able to obtain justice in said state court," and that the value of the matter in dispute exceeds the sum of $500, exclusive of costs. An affidavit was also filed of the superintendent of the railway company in support of the allegation of prejudice and local influence.

From the frame of the petition, it might be thought that the removal was sought under the provisions of the third subdivision of Rev. St. § 639. But it has been held that this act is applicable only in cases arising between citizens of different states, and we therefore conclude that it does not apply to the case where one of the parties is an alien. Young v. Parker's Adm'r, 132 U. S. 267, 10 Sup. Ct. 75.

The only other statute under which this removal is sought to be justified is the second section of the act of March 3, 1875, (18 Stat. pt. 3, p. 470.) The objection to the jurisdiction under this clause lies in the fact that the record does not properly show the citizenship of the plaintiff Noyes at the time of the commencement of the suit. We do not think it necessary to repeat the discussion of the various questions which arise on this state of the record, but only to say that the cases appear to establish the following propositions applicable to this case:

1. That an averment of residence is not the equivalent of an averment of citizenship.

2. That the description of a person as being "of Greenwood, in the state of Maine," is not equivalent to an allegation of citizenship.

3. That diversity of citizenship must be shown to exist at the commencement of the action, and also at the time of the removal.

4. That the court has jurisdiction of the action so far as to determine whether the circuit court has jurisdiction to hear and determine the same on its merits, and has jurisdiction, therefore, to award costs.

5. That there can be jurisdiction in the circuit court only when, at the time of the application for removal, the record shows on its face that the action is removable, and consequently that the parties cannot now be permitted to amend this record so as to show the requisite diversity of citizenship. Craswell v. Belanger, 6 C. C. A. 1, 56 Fed. 529, and cases there cited; Wolfe v. Insurance Co., 148 U. S. 389, 13 Sup. Ct. 602; Crehore v. Railway Co., 131 U. S. 240, 9 Sup. Ct. 692; Cates v. Allen, 149 U. S. 451, 13 Sup. Ct. 883, 977.

It has been very carefully argued on behalf of the defendant in error that the coming in of the administrator to prosecute the suit makes a new action for the purpose of removal, and that inasmuch as the record shows that the administrator, Twitchell, was and is a citizen of New Hampshire, therefore the action was properly removed. But we think the rule is now well established, and must be literally enforced, that, in order that there may be jurisdiction, it must appear that the diverse citizenship existed at the beginning

of the suit, and has continued until the removal. The coming in of an administrator might therefore prevent, but could never permit, a removal. It has been held that the substitution of new parties having the requisite citizenship, and having a beneficial interest in the controversy, will not bring the action within our jurisdiction; and still less, as it seems to us, could such a result follow from the substitution of an official party, having no interest of his own, and suing in the same right and for the same interest as the original party. Burnham v. Bank, 3 C. C. A. 486, 53 Fed. 163.

It has also been suggested, with much force, that the cases in which it is held that the diversity of citizenship not only must exist in fact, but also must be made to appear in the record filed in the circuit court on removal, are all cases in which, so far as appears, the fact of citizenship had not appeared anywhere in the record up to the time of the decision of the case, whereas, in the case at bar, the bond filed with the petition for a writ of error to this court, and also certain statements in the evidence included in the bill of exceptions, may be held to disclose the necessary citizenship. It is therefore argued that these cases are not here precisely in point, having been decided under a different state of facts.

Assuming that the statements in the bond and in the evidence disclose the necessary jurisdictional facts, we may conclude that these facts are sufficiently proved. But the case of Crehore v. Railway Co. distinctly holds that there is no jurisdiction in the circuit court to pass on this proof and to find these facts, unless they be alleged in the removal papers. In that case the parties prayed leave to supply the proper allegation, and the motion was denied on the distinct ground that by reason of the want of this allegation the cause "was never removed from the state court." That case has never been doubted, so far as we know, and it is cited with approval in Jackson v. Allen, 132 U. S. 27, 10 Sup. Ct. 9; Young v. Parker's Adm'r, 132 U. S. 267, 10 Sup. Ct. 75; Graves v. Corbin, 132 U. S. 571, 10 Sup. Ct. 196; La Confiance Compagnie v. Hall, 137 U. S. 61, 11 Sup. Ct. 5; and Com. v. Paul, 148 U. S. 107, 13 Sup. Ct. 536. Compare, also, Mining Co. v. Turck, 14 Sup. Ct. 35. Applying the principle of that case to the case at bar, it seems to us to be clear that we have no jurisdiction to find from the allegations in the bill of exceptions and in the bond the jurisdictional facts of citizenship.

The judgment of the circuit court will therefore be reversed, with costs against the plaintiff in error, and the cause will be remanded to the circuit court, with directions to enter judgment against the plaintiff in error for the costs of the circuit court and of this court, and thereupon to remand the cause to the state court, whence it came.