HUNTINGTON et al. v. PINNEY et al.

(Circuit Court, N. D. California. November 23, 1903.)

No. 13,381.

1. **FEDERAL COURTS—JURISDICTION.**
   A federal court has no jurisdiction of a suit removed from the state court unless the jurisdictional facts appear on the face of the pleadings to have existed at the time the suit was commenced as well as at the time of the filing of the petition for removal.

2. **SAME—JOINDER OF DEFENDANTS.**
   Where an action against several defendants is sought to be removed to the federal court, all the defendants should join in the petition.

3. **SAME—REARRANGEMENT OF PARTIES.**
   Where a suit to quiet title to a mine was brought against several defendants, and only two of them joined in a petition to remove the cause to the federal court for diversity of citizenship, and the failure of the other defendants to join was sought to be obviated by a rearrangement of parties according to their alleged adverse interests, but such rearrangement did not extend to all of the defendants, the citizenship of one not being stated, and the want of interest and the citizenship of the heirs of certain deceased defendants were not disclosed, the defect of misjoinder of the defendants was fatal.

John H Miller, for plaintiffs.
A. H. Ricketts, for defendants.

MORROW, Circuit Judge. This is a suit to quiet title brought by the plaintiffs in the state court for the county of Sonoma against 31 defendants, and removed to this court upon the petition of two of the defendants, on the ground of the diverse citizenship of the parties. The plaintiffs now move to remand the cause, on the ground that the jurisdictional facts do not appear in either the record or the petition for removal.

To warrant a federal court to take jurisdiction of a cause sought to be removed from a state court on the ground of diverse citizenship, there must be a civil suit at law or in equity "in which there shall be a controversy between citizens of different states," or "a controversy between citizens of a state and foreign states, citizens, or subjects" (Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508]), and the amount in dispute must exceed $2,000, exclusive of interest and costs. These jurisdictional facts must appear upon the face of the pleadings to have existed at the time the suit was commenced as well as at the time of the filing of the petition for removal. Craswell v. Belanger, 56 Fed. 529, 6 C. C. A. 1;

¶ 2. See Removal of Causes, vol. 42, Cent. Dig. § 90.

Gibson v. Bruce, 108 U. S. 561, 2 Sup. Ct. 873, 27 L. Ed. 825. The petition for removal should state the facts which warrant the removal in positive and specific terms, the citizenship and residence of each of the parties should be alleged, and all the defendants should join in the petition. Thompson v. Chicago, etc., Ry. Co. (C. C.) 60 Fed. 773; Wilson v. Oswego Township, 151 U. S. 56, 14 Sup. Ct. 259, 38 L. Ed. 70.

The only allegations of citizenship occurring in the complaint are that the plaintiff Carr Realty Company is a corporation organized under the laws of California, and that the defendant Socrates Quicksilver Mines pretends to be a corporation created under the laws of Nevada. Diverse citizenship does not, therefore, appear from this pleading. The defendants W. H. Humphrey individually, George M. Pinney, H. S. Smith, and A. H. Ricketts filed answers in the cause, disclaiming any interest or estate in the property described in the complaint. The petition for removal was filed only by George M. Pinney, Jr., and the Socrates Quicksilver Mines, a corporation, no other defendants uniting in the petition. This defect is sought to be overcome or remedied by a rearrangement of the parties, by which it is claimed a case is presented with citizens of different states opposed to each other. The allegations of the petition in this regard are that the defendant George M. Pinney, Jr., at the time the suit was begun, was a citizen of New York, that the defendant Socrates Quicksilver Mines was at said time a citizen of Nevada, and that each of the plaintiffs was a citizen of California. It is alleged that certain of the defendants had transferred their right, title, and interest in the property in controversy to the defendant Socrates Quicksilver Mines long prior to the institution of the suit. It is further alleged that certain other defendants had died before the suit was begun, but it is not stated whether their heirs or administrators now claim any interest in the property in question. It is then alleged that the remaining defendants (naming them) are adverse in interest to the petitioners, "and that therefore the case presented, when the parties are arrayed on different sides of the matter in dispute according to the actual facts, shows George M. Pinney, Jr., a citizen of the state of New York, and Socrates Quicksilver Mines, a citizen of the state of Nevada, on one side, and adverse to plaintiffs," and the defendants last mentioned, "each and all of them, both plaintiffs and defendants, citizens of the state of California, on the other side, and adverse to your petitioners."

These allegations do not set forth a controversy entirely between citizens of different states. The rearrangement of the parties, even if a proper one, does not extend to all the parties. The citizenship of one defendant, Alice Lane, is not stated at all, and the mere statement that certain defendants are dead does not withdraw such claims as they may have had against the property in controversy from the suit, or remove the necessity of disclosing their citizenship, or the citizenship of the present representatives of their interests. The rearrangement of parties being insufficient, then, the defect of nonjoinder of all the defendants in the petition for removal is fatal,

the allegations of the complaint not stating a separable controversy, and there being no allegation in the petition that a separable controversy exists.

The petition is also insufficient in regard to the amount in controversy, in that the value of the interests of the petitioners at the time of filing the petition only is stated, and not the value of such interests at the time the suit was commenced. This court is not permitted to take jurisdiction of a cause upon presumptive matters, but the jurisdictional facts must clearly and fully appear upon the record when the jurisdiction is sought. Turner v. Bank of North America, 4 Dall. 8, 1 L. Ed. 718.

The motion to remand the cause is granted.