THOMPSON et al. v. STALMANN et al.

(Circuit Court, D. Nevada. August 1, 1904.)

No. 779.

1. FEDERAL COURTS — REMOVAL OF CAUSES — PETITION — CITIZENSHIP — AVERMENTS.

A petition for the removal of a cause from a state to a federal court on the ground of diverse citizenship should not only allege that the citizenship of the parties is diverse, but should also disclose the states of which the parties, respectively, are citizens.

2. SAME—AMENDMENT.

Where a removal petition averred that the controversy was between citizens of different states, and that the amount in controversy, exclusive of interest and costs, exceeded the sum of $2,000, the federal Circuit Court to which the cause was removed had jurisdiction to permit the petitioner to amend the petition so as to disclose the citizenship of the parties.

Motion to Remand.

M. S. Bonnifield and Torreyson & Summerfield, for plaintiffs.
H. Warren, for defendants.

HAWLEY, District Judge (orally). Plaintiffs move this court to remand this case to the state court upon the ground that this court is without jurisdiction to hear and determine the cause, in that it is not alleged by the petition for removal, nor does it appear by the record or otherwise, that at the time of the commencement of the action in the state court there was diverse citizenship of the parties. It is not al-

¶ 1. Averments of citizenship to show federal jurisdiction, see note to Shipp v. Williams, 10 C. C. A. 261.

leged by the said petition, nor does it appear in any manner by the record, that at the time of the commencement of the suit the defendants were residents and citizens of the state of Utah, or any other state than that of the state of Nevada, of which state it is alleged that the plaintiffs were residents and citizens at the time aforesaid. Defendants confess the insufficiency of the petition, but claim that the objection is one of mere form only, and does not reach the substance of the petition, and ask leave to amend their petition so that it would read that "the defendants were nonresidents of the state in which said suit was brought, to wit, the state of Nevada, at the time said action was brought, ever since have been and now are citizens of the state of Utah."

The sole question is whether this court has jurisdiction to allow the amendment. If so, it should be granted. The objection urged to the form of the petition for removal is well founded, and, if the case rested solely on the petition, it should be remanded. Crehore v. Railway Co., 131 U. S. 242, 9 Sup. Ct. 692, 33 L. Ed. 144; Stevens v. Nichols, 130 U. S. 230, 9 Sup. Ct. 518, 32 L. Ed. 914; Jackson v. Allen, 132 U. S. 27, 10 Sup. Ct. 9, 33 L. Ed. 249; Craswell v. Belanger, 56 Fed. 529, 6 C. C. A. 1, and authorities there cited; De Loy v. Ins. Co. (C. C.) 59 Fed. 320; Railway Co. v. Twitchell, 59 Fed. 727, 8 C. C. A. 237. The question of the right to amend the petition was not involved in those cases.

In Johnson v. F. C. Austin M. Co. (C. C.) 76 Fed. 616, and Stadlemann v. White Line Towing Co. (C. C.) 92 Fed. 209, the direct question of the right to amend was presented, and the amendment was allowed. The petition in this case is, in principle, identical with those cases. It contains the averments that the controversy is between citizens of different states, and that the amount in controversy, exclusive of interest and costs, exceeds the sum of $2,000. The court in the cases referred to held that "these are the facts upon which the jurisdiction of this court depends"; that the averment that the controversy is between citizens of different states is not sufficiently specific, but should be followed by the statement of the particular state of which each of the parties is a citizen; that the fact sought to be averred by the proposed amendment is simply a statement in detail of one of the facts necessary to complete with requisite certainty the statement of the ultimate and material fact that the controversy is between citizens of different states; that the proposed amendment does no more than set forth in proper form and sufficient fullness of detail what had originally been imperfectly stated in the petition. In addition to these cases, see Kinney v. Columbia S. & L. Association, 191 U. S. 78, 82, 24 Sup. Ct. 30, 48 L. Ed. 103, and 18 Ency. Pl. & Pr. 324, and authorities there cited.

In Glover v. Shepperd (C. C.) 15 Fed. 833, 837, Judge Bunn held, in a case where the citizenship of the parties was not stated in compliance with the statute, that it was within the power and discretion of the court to allow an amendment.

At first blush, there appears to be some difference of opinion as to whether or not the objection raised is jurisdictional in its character.

In Cameron v. Hodges, 127 U. S. 322, 326, 8 Sup. Ct. 1154, 32 L. Ed. 132, the court said:

"The case in this court must be tried upon the record made in the Circuit Court. In this instance there has been a removal from a tribunal of a state into a circuit court of the United States, and there is no precedent known to us which authorizes an amendment to be made, even in the Circuit Court, by which grounds of jurisdiction may be made to appear, which were not presented to the state court on the motion for removal."

But that case had not been properly removed on any ground.

In Gold-Washing & Water Co. v. Keyes, 96 U. S. 199, 201, 24 L. Ed. 656, the court said:

"The record in the state court, which includes the petition for removal, should be in such a condition, when the removal takes place, as to show jurisdiction in the court to which it goes. If it is not, and the omission is not afterwards supplied, the suit must be remanded."

And in Grace v. American Central Ins. Co., 109 U. S. 278, 284, 3 Sup. Ct. 207, 27 L. Ed. 932, the court said:

"It is true that the petition for removal, after stating the residence of the plaintiffs, alleges 'that there is, and was at the time when this action was brought, a controversy therein between citizens of different states.' But that is to be deemed the unauthorized conclusion of law which the petitioner draws from the facts previously averred. * * * As the judgment must be reversed, and a new trial had, we have felt it to be our duty, notwithstanding the record, as presented to us, fails to disclose a case of which the court below could take cognizance, to indicate for the benefit of parties at another trial the conclusion reached by us on the merits. And we have called attention to the insufficient showing as to the jurisdiction of the Circuit Court so that upon the return of the cause the parties may take such further steps touching that matter as they may be advised."

The language, as used in these cases, implies that an amendment might be made after the removal to the Circuit Court. The inference to be drawn from the language in the decision in Carson v. Dunham, 121 U. S. 421, 427, 7 Sup. Ct. 1030, 30 L. Ed. 992, is much stronger in favor of allowing the amendment. The court, after stating that an answer filed in the Circuit Court might be treated as an amendment to a petition for removal, said:

"The answer was germane to the petition, and did no more than set forth in proper form what had before been imperfectly stated. To that extent, we think, it was proper to amend a petition which, on its face, showed a right to the transfer."

See, also, Powers v. Chesapeake & Ohio Ry., 169 U. S. 93, 101, 18 Sup. Ct. 264, 42 L. Ed. 673.

Upon an extended examination of all the cases upon this subject, I am of opinion that the motion to amend should be allowed, and the motion to remand denied. It is so ordered.