SHADE v. NORTHERN PAC. RY. CO. et al.

(District Court, W. D. Washington, N. D. July 8, 1913.)

No. 2,466.

1. MASTER AND SERVANT (§ 256*) — EMPLOYER'S LIABILITY ACT — ACTION — PLEADING.

An action cannot be maintained against a corporation under the Employer's Liability Act (Act Cong. April 22, 1908, c. 149, § 1, 35 Stat. 65 [U. S. Comp. St. Supp. 1911, p. 1322]), where the complaint neither alleges nor pleads facts showing that defendant is a common carrier.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 809–812, 815; Dec. Dig. § 256.*]

2. COURTS (§ 280*)—JURISDICTION OF FEDERAL COURTS—PRESUMPTION.

It will be presumed that a cause is without the jurisdiction of a federal District Court, unless the contrary affirmatively appears from the record.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 816–818; Dec. Dig. § 280.*]

At Law. Action by Pete Shade against the Northern Pacific Railway Company and the Oso Logging Company. On demurrer to complaint by defendant Logging Company. Demurrer sustained.

John T. Casey, of Seattle, Wash., for plaintiff.

Hulbert & Husted and John A. Coleman, all of Everett, Wash., for defendant Oso Logging Co.

CUSHMAN, District Judge. This cause is for decision upon the demurrer of the defendant Oso Logging Company to plaintiff's complaint, urged upon the ground that, the jurisdiction of the court being invoked solely under the federal Employer's Liability Act, sufficient facts are not stated in the complaint to constitute a cause of action against the demurring defendant.

It is alleged in the complaint that the plaintiff was injured by the

fall of one of the cars of the defendant railway company, which, with others, had been wrecked and ditched, and that:

"Plaintiff was employed at said time by the defendants to assist in repairing said cars of the Northern Pacific Railway Company and replacing them upon the railroad track as aforesaid."

· It is further alleged:

"That on or about the 15th day of March, 1913, the defendant Northern Pacific Railway Company owned, controlled, and operated an interstate railroad and many lines and branches in the state of Washington, and at said time owned, controlled, used, and operated many engines, cars, and other railroad equipment; and at said time said defendant Oso Logging Company was engaged with the said Northern Pacific Railway Company in using some of the freight cars of the said railroad company in hauling and transporting logs, poles, lumber, and other materials along and upon one of the branch lines of the said Northern Pacific Railway Company for a distance of five miles or more from the station or town of Halterman, in Snohomish county, Washington. * * * That all of said injuries were caused to the plaintiff through the fault, carelessness, and negligence of the defendants and of each of them, and at said time and place the defendants were engaged in transporting logs, poles, piling, and other timber, lumber, and freight to various parts of the United States, and said defendants and each of them were engaged at said time and place in interstate and foreign commerce, and plaintiff was employed thereon by the defendants in working about and around and upon said car, which car had been and was to be used in such commerce, and plaintiff claims herein the benefit of the federal Employer's Liability Acts passed by the Congress of the United States, and all other acts and laws passed by said Congress relating to such matters and to the relations of master and servant."

· Plaintiff relies upon the following authorities: N. P. Ry. Co. v. Maerkl, 198 Fed. 1, 117 C. C. A. 237; Johnson v. S. P. Ry., 196 U. S. 1, 25 Sup. Ct. 158, 49 L. Ed. 363; Colasurdo v. Railway, 180 Fed. 832, affirmed 192 Fed. 901, 113 C. C. A. 379; S. P. Terminal Co. v. Interstate Commerce Commission, 219 U. S. 498, 31 Sup. Ct. 279, 55 L. Ed. 310.

Defendant relies upon the following authorities: Act April 22, 1908, c. 149, 35 Stat. 65, Fed. Stat. Ann. Supp. 1909, pp. 584, 585 (U. S. Comp. St. Supp. 1911, p. 1322); 2 Words and Phrases, pp. 1313 and 1314.

The federal Employer's Liability Act provides:

"That every common carrier by railroad, while engaging in commerce between any of the several states, * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce. * * *" 35 Stat. 65, Supp. 1909, Fed. Stat. Ann. 584, 585.

[1] Under this act a cause of action is not set out against the Oso Logging Company, for the complaint neither alleges that the Oso Logging Company is a common carrier, nor does it set out facts sufficient to justify that conclusion. In other words, all the facts recited might be true, and the defendant Oso Logging Company not be a common carrier, as, for example; if "the logs, poles, lumber, and other materials" being hauled in the freight cars belonged to the defendant logging company, and if this defendant was transporting logs and lumber products owned by it from the state of Washington to other states, it might be engaged in interstate commerce, but it would not thereby become a common carrier.

As above stated, it is alleged in the complaint that:

"Plaintiff was employed at said time [at the time of his injury] by the defendants to assist in the repairing of said cars of the Northern Pacific Railway Company and replacing them upon the railroad track as aforesaid."

This might be true, and, further, it might use some of the cars of the railroad company, as alleged, in hauling and transporting lumber, logs, and other materials, without being or becoming a common carrier. This alone would not justify the conclusion that the logging company was such a carrier. To be a common carrier it is necessary that such carrier should undertake to serve all who see fit to employ it. It is not alleged in express terms that the logging company is a common carrier, nor are any facts stated from which it might reasonably be so inferred.

The plaintiff contends that, having alleged a cause of action under the general law, as well as under the liability law, the demurrer should be overruled, because defendant has not demurred expressly on the ground that the court has no jurisdiction. If the Employer's Liability Act does not apply to the defendant logging company, as above pointed out, the only other ground giving this court jurisdiction would be diversity of citizenship, concerning which there is no allegation in the complaint.

[2] It will be presumed that a cause is without the jurisdiction of the United States District Court, unless the contrary affirmatively appears from the record. Robertson v. Cease, 97 U. S. 646, 24 L. Ed. 1057; Continental Ins. Co. v. Rhoads, 119 U. S. 239, 7 Sup. Ct. 193, 30 L. Ed. 380; King Bridge Co. v. Otoe Co., 120 U. S. 226, 7 Sup. Ct. 552, 30 L. Ed. 625; Freeman v. Butler (C. C.) 39 Fed. 2; Craswell v. Belanger, 56 Fed. 530, 6 C. C. A. 1, 15 U. S. App. 104; Gilbert v. York, 111 N. Y. 548, 19 N. E. 270; Marks v. Marks (C. C.) 75 Fed. 324.

Where the jurisdiction of the federal court depends on the diversity of citizenship, facts essential to support that jurisdiction must appear in the record. Robertson v. Cease, 97 U. S. 646, 24 L. Ed. 1057; Grace v. Central Ins. Co., 109 U. S. 283, 3 Sup. Ct. 207, 27 L. Ed. 935; Shaw v. Mining Co., 145 U. S. 447, 12 Sup. Ct. 935, 36 L. Ed. 770; Bors v. Preston, 111 U. S. 255, 4 Sup. Ct. 407, 28 L. Ed. 420; Mansfield, etc., Ry. Co. v. Swan, 111 U. S. 382, 4 Sup. Ct. 510, 28 L. Ed. 464; Cameron v. Hodges, 127 U. S. 325, 8 Sup. Ct. 1154, 32 L. Ed. 134; Stevens v. Nichols, 130 U. S. 231, 9 Sup. Ct. 518, 32 L. Ed. 915; Chapman v. Barney, 129 U. S. 681, 9 Sup. Ct. 426, 32 L. Ed. 801; Stuart v. Easton, 156 U. S. 47, 15 Sup. Ct. 268, 39 L. Ed. 341; Stephenson v. The Francis (D. C.) 21 Fed. 718; Adams v. County of Republic (C. C.) 23 Fed. 212; Lonergan v. Illinois & R. Co. (C. C.) 55 Fed. 551; Bondurant v. Watson, 103 U. S. 286, 26 L. Ed. 449; Steamship Co. v. Tugman, 106 U. S. 122, 1 Sup. Ct. 58, 27 L. Ed. 89; Mexico South Bank v. Reed, 17 Fed. Cas. 243; Oxley Stave Co. v. Butler Co., 166 U. S. 655, 17 Sup. Ct. 709, 41 L. Ed. 1152; Mutual Life Ins. Co. v. Kirchoff, 169 U. S. 111, 18 Sup. Ct. 260, 42 L. Ed. 680.

Demurrer will be sustained.