## TIMMONS *v.* ELYTON LAND COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ALABAMA.

No. 1325.  Submitted March 2, 1891. — Decided March 30, 1891.

In this case the complaint described the defendant as a corporation chartered under the laws of Alabama and doing business in that State, one of the plaintiffs as a "resident" in North Carolina, and two other plaintiffs as "residents" in South Carolina. An amendment added twelve plaintiffs with no averments as to citizenship. As the jurisdiction depended upon citizenship; *Held*, that the Circuit Court was without jurisdiction.

MOTION TO DISMISS OR AFFIRM.  The case is stated in the opinion.

*Mr. Alexander T. Loudon* for the motion.

*Mr. T. H. Watts* and *Mr. H. A. Herbert* opposing.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court

This was an action brought by Margaret C. McElrath, Mary E. McElrath and Linda E. Timmons against the Elyton Land

Company in the Circuit Court of the United States for the Northern District of Alabama.

The complaint averred " that Mary E. McElrath is a resident of the State of North Carolina, and that Linda E. Timmons and Margaret Celia McElrath are residents of the State of South Carolina," and that the defendant " is a corporation chartered under the laws of the State of Alabama and doing business within said State."

By the summons, the marshal was commanded " to summon the Elyton Land Company, a corporation chartered under the laws of the State of Alabama, and who is a citizen of the State of Alabama, to appear . . . to answer the complaint of Margaret Celia McElrath and Linda E. Timmons, who are residents of the county of Spartanburg, State of South Carolina, and Mary E. McElrath, who is a citizen of the State of North Carolina." The complaint was subsequently amended by adding the names of twelve other plaintiffs without any averment as to their citizenship.

In the bill of exceptions, which appears in the record, it is stated that " the plaintiffs were non-residents of the State of Alabama."

As the record does not show that the Circuit Court had jurisdiction of the suit, which depended upon the citizenship of the parties, the judgment must be reversed at the costs of the plaintiffs in error, and the cause remanded to the Circuit Court for further proceedings. *Menard* v. *Goggan,* 121 U. S. 253 ; *Robertson* v. *Cease,* 97 U. S. 646; *Brown* v. *Keene,* 8 Pet. 112; *Anderson* v. *Watt,* 138 U. S. 694.

*Reversed.*