### DANAHY v. NATIONAL BANK OF DENISON.

(Circuit Court of Appeals, Seventh Circuit. November 27, 1894.)

#### No. 171.

FEDERAL COURTS—JURISDICTION—DIVERSE CITIZENSHIP—NATIONAL BANKS.

    Federal courts have no jurisdiction of an action by a national bank on a note, where the record does not show diverse citizenship.

In Error to the Circuit Court of the United States for the Northern District of Illinois.

Assumpsit by the National Bank of Denison against Daniel Danahy. Plaintiff obtained judgment. Defendant brings error.

Joseph P. Rafferty (James Maher, of counsel), for plaintiff in error.

D. H. Pinney, E. R. Eldridge, and E. J. Wilbur, Jr., for defendant in error.

Before WOODS and JENKINS, Circuit Judges, and BUNN, District Judge.

JENKINS, Circuit Judge. A review is here sought of a judgment rendered in a suit upon certain promissory notes claimed to have been made by the firm of Danahy & McDonald. We are constrained to reverse this judgment without passing upon the merits of the controversy, and for want of showing of jurisdiction in the court below. The allegation of the declaration is as follows:

"The National Bank of Denison, a corporation, complains of Daniel Danahy and Donald J. McDonald, late partners under the firm name of Danahy & McDonald, defendants in this suit, summoned," etc., "of a plea of trespass on the case on promises."

There is no allegation in the declaration of the citizenship of either the plaintiff or the defendant. There is no other allegation of the incorporation of the plaintiff than that stated. We are asked to take judicial notice that the defendant in error is a national bank, because of its name. If we could do this, it would not avail. Formerly, a national bank could sue or be sued in the courts of the United States in the district in which it is established, without respect to the citizenship of the opposite party. Rev. St. § 629, subd. 10; County of Wilson v. Bank, 103 U. S. 770, decided in 1880. But under the act of July 12, 1882 (22 Stat. 162, § 4), and the act of 1887 (24 St. 552), as corrected and re-enacted in 1888 (25 Stat. 433), all national banking associations shall, for the purposes of suit,

"be deemed citizens of the states in which they are respectively located, and in such cases the circuit and district courts shall not have jurisdiction other than such as they would have in cases between individual citizens of the same state." Under the first of these acts it was held that a suit can neither be brought in nor removed into the United States courts unless a similar suit could be entertained by the same court by or against a state bank in like situation with the national bank, and that under that law nothing in the way of jurisdiction could be claimed by a national bank because of the source of its incorporation. Bank v. Cooper, 120 U. S. 778, 7 Sup. Ct. 777. It is clear that, in order to confer jurisdiction, the diverse citizenship of the parties to the suit must appear by the record, and this cannot be waived. This has been so often declared by the supreme court as now to be elementary. The jurisdiction need not necessarily be averred in the pleadings, if it otherwise affirmatively appears by the record. Railway Co. v. Ramsey, 22 Wall. 322. We have therefore searched the record to discover if jurisdiction might be saved, and the case decided upon its merits. We find, however, no evidence of the citizenship of the plaintiff in error. He states in his testimony that he lives at Aurora, Ill.; but "residence" and "citizenship" are not synonymous terms. Roberrson v. Cease, 97 U. S. 646; Cameron v. Hodges, 127 U. S. 322, 8 Sup. Ct. 1154; Anderson v. Watt, 138 U. S. 694, 702, 11 Sup. Ct. 449; Timmons v. Land Co., 139 U. S. 378, 11 Sup. Ct. 585. We have been asked, in case we should be compelled to reverse this judgment upon this ground, to remand the case with leave to amend the declaration to show jurisdiction conformable to the facts. This we are authorized to do by Robertson v. Cease, 97 U. S. 646, 651. The judgment will be reversed for failure in the record to disclose jurisdiction, with direction to permit amendment of the declaration in the assertion of jurisdictional facts, and to award a new trial.