### CITY OF BELTON v. OMAHA TRUST CO.

(Circuit Court of Appeals, Fifth Circuit. January 26, 1927.)

No. 4717.

Courts ⚌328(2)—Suit on paving warrants amounting to $2,177.83 did not involve jurisdictional amount, because seeking to establish validity of unmatured warrants (Judicial Code, § 24 [1], being Comp. St. § 991).

Petition for recovery on paving warrants in the aggregate amount of $2,177.83 held not to confer jurisdiction on District Court, under Judicial Code, § 24 (1), being Comp. St. § 991, on ground that validity of unmatured warrants was also sought to be established therein.

Appeal from the District Court of the United States for the Western District of Texas; Charles A. Boynton, Judge.

Suit by the Omaha Trust Company against the City of Belton. Judgment for plaintiff, and defendant appeals. Reversed, with directions.

W. W. Naman, of Waco, Tex., and Clem C. Countess, of Belton, Tex. (Spell, Naman & Penland, of Waco, Tex., on the brief), for appellant.

John Maxwell, of Waco, Tex., and W. P. Dumas, of Dallas, Tex., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

PER CURIAM. The Omaha Trust Company, as owner of 18 paying warrants, of the denomination of $500 each, issued by the city of Belton, brought suit to recover $1,000, the face value of the only two warrants past due, $780 past-due interest on the remaining warrants, which had not matured, and an attorney's fee of 10 per cent. on those amounts. Plaintiff's demand in the aggregate amounted to $2,177.83, for which sum judgment was entered. His petition, however, sought to establish the validity of the unmatured warrants, and on this ground it is claimed that more than the jurisdictional amount of $3,000 is in controversy.

Jurisdiction was invoked on the ground of diversity of citizenship. Judicial Code, § 24 (1), being Comp. St. § 991. We are of opinion that the District Court did not have jurisdiction, because, on the face of the petition and from the nature of the demand, it was not legally possible for plaintiff to recover as much as $3,000. Vance v. Vandercook, 170 U. S. 468, 18 S. Ct. 645, 42 L. Ed. 1111; Smithers v. Smith, 204 U. S. 632, 642, 27 S. Ct. 297, 51 L. Ed. 656.

The judgment is reversed, with directions to dismiss the suit for want of jurisdiction.