### ZICOS v. DICKMANN et al.
### No. 11084.

Circuit Court of Appeals, Eighth Circuit.
Aug. 18, 1938.

Louis Hudson and Maurice J. Gordon, both of St. Louis, Mo., for appellant.

Oliver Senti, of St. Louis, Mo. (E. H. Wayman, of St. Louis, Mo., on the brief), for appellees.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

This is a suit in equity brought by the appellant to enjoin law enforcement officers of the City of St. Louis, Missouri, from seizing or confiscating mint vending machines belonging to him. From a decree dismissing the bill of complaint and the suit for want of equity, this appeal is taken.

The bill of complaint alleges that the petitioner (appellant) is a resident and cit-izen of Illinois, and that defendants (appellees) are "the duly appointed, qualified and acting members of the Board of Commissioners of the Police Department of the City of St. Louis, Missouri," "the duly appointed, qualified and acting Chief of Police of the City of St. Louis, Missouri," "the duly elected, qualified and acting Circuit Attorney of the City of St. Louis, Missouri," and "the duly elected, qualified and acting Sheriff of the City of St, Louis. Missouri"; that petitioner is in the business of selling mints by means of vending machines and has been engaged in that business in St. Louis, Missouri; that his business consists of placing mint vending machines in restaurants and other places of business; that he is the owner of about fifty of such machines in locations in St. Louis, which machines are worth $100 each, that he has in St. Louis 100 cases of mints of the value of $1,000, and that his total investment in machines and equipment in that City is about $6,000 or more; that in November, 1937, the Board of Commissioners of the Police Department, acting through its police officers, "without cause or justification and without warrant issued by a competent or judicial authority, unlawfully seized and confiscated" one of petitioner's machines, arresting the proprietor of the place where it was installed, and that the defendants ordered the proprietors of two other places in which petitioner's machines had been installed, to remove them under threat of arrest; that petitioner is informed and believes that the Police Board of the City of St. Louis ordered the seizure and removal of all of the petitioner's machines and the arrest of the proprietors of the places where they were located; that after the seizure by police officers of "the mint vending machines aforesaid" petitioner withdrew the machines theretofore installed and has not since attempted to install any machines or to have any machines operated in St. Louis, "in order, to forestall the unlawful and unwarranted seizure and confiscation thereof by defendants."

The bill of complaint describes the nature and use of the vending machines and the contracts under which they are installed, all of which the petitioner claims clearly indicate that they are not gambling devices and are not capable of being used for the purpose of gambling; and the petitioner alleges that there is no law of Missouri or of the United States, enacted to prevent gambling, which applies to the operation of

the petitioner's machines, but that, unless the defendants are restrained from so doing they will destroy any machines of petitioner which may be found in places of business, and arrest the proprietors of such places and compel petitioner to withdraw his machines from use forever, and will prevent him from earning the profits which would otherwise accrue to him through the leasing of the machines and the selling of mints thereby.

The bill contains this allegation: "Petitioner states that by reason of the seizure, confiscation, and destruction of the mint vending machines, now being held by defendant Police Board, aforesaid, and the continued seizure, confiscation and destruction of further machines as threatened by the defendants, and by reason of the loss of the profits which lawfully accrued to him through the operation and leasing of the said mint vending machines, petitioner is unlawfully deprived of his property without due process of law, in violation of Section 30, Article II, of the Constitution of Missouri [Mo.St.Ann.Const. art. 2, § 30] and of Article V, of the Amendments to the Constitution of the United States [U.S.C.A.Const. Amend. 5] ; that by reason of the seizure of said machines, petitioner and his property and effects are being subjected to unreasonable searches and seizures in violation of Section [Article] II, of the Constitution of Missouri [Mo.St.Ann. Const. art. 2, § 11], and of Amendment IV, (four) of the Amendments to the Constitution of the United States [U.S.C.A.Const. Amend. 4] ; that by reason of the seizure and confiscation and destruction of said machines, petitioner is deprived of the right to follow a lawful business and earn a livelihood, in violation of Section IV, of Article II, of the Constitution of Missouri [Mo.St.Ann.Const. art. 2, § 4] ; guaranteeing all persons a natural right to the enjoyment of the gains of their own industry."

The first question to be determined is whether the court below acquired jurisdiction of this case.

It is to be noted that the bill of complaint contains no allegation as to the value of the right of the petitioner to conduct his business in the City of St. Louis, and states no facts from which the value of that right can be determined. Petitioner alleges merely that he had an investment of some $6,000 in his business in that City, and that, after the seizure of one of his machines and after threats had been made to confiscate two others, he withdrew his investment and ceased operations in St. Louis. That the value of his right to continue in business in St. Louis is worth more than $3,000 does not appear from the facts stated. Since his mint vending machines (with the exception of one which was seized) have been withdrawn, it appears that they are no longer in jeopardy and their value would certainly not measure the sum or value of the matter in controversy.

In a suit of this nature, the jurisdiction of the District Court attaches only "where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and (a) arises under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or (b) is between citizens of different States, or (c) is between citizens of a State and foreign States, citizens, or subjects." Jud.Code, § 24(1), 28 U.S.C. § 41(1), 28 U.S.C.A. § 41(1).

The Act of March 3, 1911, c. 231, § 37, 36 Stat. 1098, 28 U.S.C. § 80, 28 U.S.C.A. § 80, makes it the duty of the District Court to enforce these jurisdictional limitations (McNutt v. General Motors Acceptance Corporation, 298 U.S. 178, 182, 56 S.Ct. 780, 782, 80 L.Ed. 1135; American United Life Ins. Co. v. Franklin, 8 Cir., 97 F.2d 76), and it is incumbent upon one who seeks the exercise of jurisdiction in his favor to allege in his pleading the facts essential to give jurisdiction, and throughout the litigation to carry the burden of showing that he is properly in court. McNutt v. General Motors Acceptance Corporation, supra, page 189, 56 S.Ct. page 785.

It is the value of the right which the petitioner seeks to protect against interference which measures the amount in controversy in such a suit as this. Hunt v. New York Cotton Exchange, 205 U.S. 322, 336, 27 S.Ct. 529, 51 L.Ed. 821; Bitterman v. Louisville & Nashville R. Co., 207 U.S. 205, 225, 28 S.Ct. 91, 52 L.Ed. 171, 12 Ann. Cas. 693; Berryman v. Whitman College, 222 U.S. 334, 345, 346, 32 S.Ct. 147, 56 L. Ed. 225; Glenwood Light Co. v. Mutual Light Co., 239 U.S. 121, 125, 126, 36 S.Ct. 30, 60 L.Ed. 174; McNutt v. General Motors Acceptance Corporation, supra, page 181, 56 S.Ct. page 781.

Suits between citizens of different states and suits arising under the Constitu-

350

tion and laws of the United States cannot be brought in the federal courts unless the value of the matter in controversy is more than $3,000. Holt v. Indiana Manufacturing Co., 176 U.S. 68, 72, 73, 20 S.Ct. 272, 44 L.Ed. 374; Healy v. Ratta, 292 U.S. 263, 269, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248.

 While it is unnecessary to consider other questions, we take the liberty of directing attention to the failure of appellant to allege in his bill that the defendants are citizens of Missouri, and to the rule that jurisdictional facts may not be inferred argumentatively from the allegations of a pleading. Brown v. Keene, 8 Pet. 112, 115, 8 L.Ed. 885; Continental Ins. Co. v. Rhoads, 119 U.S. 237, 240, 7 S.Ct. 193, 30 L.Ed. 380; Anderson v. Watt, 138 U.S. 694, 702, 11 S.Ct. 449, 34 L.Ed. 1078; Timmons v. Elyton Land Co., 139 U.S. 378, 11 S.Ct. 585, 35 L.Ed. 195; Roberts v. Lewis, 144 U.S. 653, 656, 12 S.Ct. 781, 36 L.Ed. 579; Stuart v. Easton, 156 U.S. 46, 15 S.Ct. 268, 39 L.Ed. 341; Hanford v. Davies, 163 U.S. 273, 279, 280, 16 S.Ct. 1051, 41 L.Ed. 157.

 The suit should have been dismissed for lack of jurisdiction, and not for want of equity.

The case is remanded, with directions to set aside the decree appealed from, and to enter a decree of dismissal for lack of jurisdiction.