**JAMES HEDDON'S SONS v. CALLENDER.**
**No. 68.**

District Court, D. Minnesota,
Third Division.

July 21, 1939.

Bruce W. Sanborn, of St. Paul, Minn., and Samuel W. Banning, of Chicago, Ill., for plaintiff.

Callender & Luxford, of St. Paul, Minn., for defendant.

SULLIVAN, District Judge.

This is an action to enjoin the defendant from advertising or offering for sale, or selling commodities manufactured by the plaintiff, bearing its trade mark and name, at less than the minimum prices set out in the schedule of prices attached to and a part of the "Fair Trade Retail Sales Contracts" entered into between plaintiff and many retail dealers in the State of Minnesota and elsewhere. The defendant is not a party to any such contract.

An amended complaint has been filed by the plaintiff. A preliminary injunction has been asked by the plaintiff, and the defendant has moved to dismiss the bill of complaint. These matters came on to be heard on the same day. The ground of the motion to dismiss is that this Court is without jurisdiction because the matter in controversy does not exceed Three Thousand Dollars ($3,000), exclusive of interest and costs.

The jurisdiction of a District Court in a civil suit of this nature is limited by statute to: "(1) * * * where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,-000, and (a) arises under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or (b) is between citizens of different States, or (c) is between citizens of a State and foreign States, citizens, or subjects. * * *." 28 U.S.C.A. § 41(1).

█ The amended complaint contains a formal allegation to the effect that the amount in controversy exceeds the sum of Three Thousand Dollars ($3,000), exclusive of interest and costs. "Such a formal allegation is sufficient [to confer jurisdiction], unless the bill contains others which qualify or detract from it in such measure that when all are considered together it cannot fairly be said that jurisdiction appears on the face of the complaint * * *." KVOS, Inc., v. Associated Press, 299 U.S. 269, at page 277, 57 S. Ct. 197, at page 200, 81 L.Ed. 183.

In fortification of the formal allegation, plaintiff alleges that "unless the present defendant be enjoined and restrained from the making of sales for delivery into all the States wherein the plaintiff has already negotiated Fair Trade contracts, or may in the future negotiate such contracts, the plaintiff's entire price structure will be jeopardized and the plaintiff's business will be irrevocably damaged and injured." Paragraph 11, amended complaint.

In Paragraph 12 of the amended complaint it is alleged: "Plaintiff further shows that the values here involved are in no sense to be measured by the present volume of business done by the defendant, but on the contrary are to be measured by the value of the plaintiff's trade name, trade-mark and goodwill, including the plaintiff's right to enjoy in full the protection afforded to the plaintiff and its dealers by the Fair Trade Acts of all States * * *, and that the plaintiff's trade name, trade-mark and goodwill are everywhere being jeopardized by the defendant's activities." The plaintiff continues, and avers that its rights under the Minnesota Fair Trade Practice Act, which are being jeopardized, are in excess of $3,000.

Mr. Wooster, vice president of plaintiff, in an affidavit attached to the amended complaint, avers, among other things, that during the year 1938 its business in certain commodities in the State of Minnesota was in excess of $20,000, and that its business in said State during the year 1939 will approximate the same figure. He further states that it has come to his attention that in times past various cut rate sporting goods houses and other retail establishments have sold its commodities at prices less than those set out in its Fair Trade contracts, and characterizes such lower prices as "cut rate competition".

He states that if that is to continue, it will debase the value of plaintiff's trade name and trade-mark in excess of $3,000.

The foregoing constitute the pertinent allegations and affidavit upon which the plaintiff relies and asks this Court to accept jurisdiction.

Fair Trade contracts are declared unobjectionable in the State of Minnesota. See Minnesota Session Laws, 1937, Chapter 117, Section 2. Section 6 of that act makes any person, whether he be a party to the contract or not, who wilfully and knowingly advertises, offers for sale, or sells at less than the stipulated prices in a Fair Trade contract, amenable to suit by any person damaged thereby.

The defendant in this case had notice and knowledge prior to the commencement of this action of the Fair Trade contracts and the retail prices therein stipulated, which the plaintiff had entered into in this State.

█ The Supreme Court, in sustaining the Fair Trade Act of Illinois, which, if not identical with, is very similar to that of the State of Minnesota, stated, in Old Dearborn Distributing Company v. Seagram-Distillers Corporation, 299 U.S. 183, on page 193, 57 S.Ct. 139, on page 144, 81 L.Ed. 109, 106 A.L.R. 1476: " * * * does not deal with the restriction upon the sale of the commodity qua commodity, but with that restriction because the commodity is identified by the trade-mark, brand, or name of the producer or owner. * * * The primary aim of the law is to protect the property—namely, the good will—of the producer, which he still owns. * * *" The good will, trade-name and trade-mark of the plaintiff are property rights, and it has a right to possess, use and enjoy the same, free from any unlawful interference therewith by the defendant.

In Board of Trade of City of Chicago v. Cella Commission Company et al., 8 Cir., 145 F. 28, on page 29, it is stated: "In a suit to enjoin a threatened or continued commission of certain acts the amount or value involved is the value of the right which the complainant seeks to protect from invasion * * *. It is not the sum he might recover in an action at law for the damage already sustained, nor is he required to wait until it reaches the jurisdictional amount." See also Hunt v. New

York Cotton Exchange, 205 U.S. 322, 27 S.Ct. 529, 51 L.Ed. 821.

 The questions which arise on the motion to dismiss are: What is the value of the right of the plaintiff to the benefits which it may hope to receive under the Fair Trade contracts entered into in the State of Minnesota? What damages may be expected to accrue to the trade name and trade brands of the plaintiff? In an inquiry relating to the jurisdiction of the court, the burden of proof is upon the complainant. KVOS, Inc., v. Associated Press, supra. No oral evidence was offered or received at the hearing. The defendant, in support of his motion, presented affidavits showing violations by at least five other retailers of the price schedule in the Fair Trade contracts of the plaintiff in this State. The affidavits produced by the defendant did not go into the value of the right of the plaintiff to do business in the State under its Fair Trade practices contract without interference on the part of retailers. The scope of such affidavits was to show that other persons than this defendant had violated said price schedules. The affidavit of the vice president of the plaintiff company shows that to date the plaintiff has sustained no actual damage in respect to its sales in the State of Minnesota. However, it is not a question as to whether the plaintiff might recover in an action at law for damages. The value of the amount in controversy is to be measured by the loss, if any, occasioned the plaintiff's right to do business under its contract in this State, and the value of its trade name and mark which might be affected by the "cut rate" practices alleged to have been carried on by the defendant. See McNutt et al. v. General Motors Acceptance Corp., 298 U.S. 178, page 181, 56 S.Ct. 780, 80 L.Ed. 1135.

 Here we have a controversy between parties of diverse citizenship. The purpose of the suit is to enjoin the defendant from violating the stipulated retail prices in said Fair Trade Contracts. The allegations of the complaint and affidavit of Mr. Wooster sustain the contentions of the plaintiff that this Court has jurisdiction. The motion to dismiss has challenged that jurisdiction, but no proof of want of jurisdiction has been offered by the defendant. The Court has no alternative but to accept the contentions of the plaintiff as to jurisdiction, and must necessarily rely upon the allegations of the complaint and the supporting affidavit of the plaintiff as basis for jurisdiction herein. The allegations of the complaint show the requisite amount involved in this controversy. The plaintiff in its complaint alleges that its rights under the Minnesota Fair Trade practice contract, and its property rights in its trade name and trade-mark have been violated, and that the same in Minnesota will be debased and depreciated to an amount in excess of $3,000.00, exclusive of interest and costs. It was said in Zicos v. Dickmann, et al., 8 Cir., 98 F.2d 347, at page 349: "It is the value of the right which the petitioner seeks to protect against interference which measures the amount in controversy * * *." Plaintiff has alleged that the value of its rights is in an amount in excess of $3,000.00, exclusive of interest and costs, and on the record as it stands this Court must entertain jurisdiction of this suit.

The motion to dismiss will be denied.

The motion for a preliminary injunction will be granted. A form of order on the latter may be presented to the Court upon two days' notice.