## SEELEY v. KANSAS CITY.

### No. 445.

District Court, W. D. Missouri, W. D.

Jan. 29, 1940.

George E. Kimball, of Kansas City, Mo., for plaintiff.

I. M. Lee and John J. Cosgrove, Asst. City Counselors, both of Kansas City, Mo., for defendant.

COLLET, District Judge.

On motion to dismiss, defendant City of Kansas City, Missouri, challenges the sufficiency of plaintiff's petition on the ground that it does not state a claim against defendant upon which relief can be granted. Want of jurisdiction is also asserted on the ground the requisite amount in dispute is not shown.

The petition alleges that plaintiff, a resident and citizen of the State of Illinois, is the owner of ten $1,000.00 judgment bonds issued by defendant on March 1, 1927, due March 1, 1945, which have a market value of $10,000; that the defendant has outstanding and unpaid five judgment bond issues amounting in all to a total of $773,000; that the amount necessary to be placed in a general sinking fund each year for the interest and retirement of these five judgment bond issues is $130,000; that there exists at present a deficit of $8,854,000 in the general sinking fund under the amount necessary in that fund for the retirement of the present judgment bonds. The petition alleges that the defendant has by ordinance provided for and is about to consummate the issuance of a sixth issue of judgment bonds totaling $457,249.85 to be used to discharge a judgment entered November 6, 1939, and has by ordinance provided that the annual appropriations for necessary governmental functions shall be so regulated as to make available annually a sum not less than that necessary to meet the interest and principal requirements on the proposed issue, and that it has been further provided by ordinance that not less than $42,000 shall be set aside annually from general revenues in a special sinking fund to be used for the sole purpose of paying the interest and providing a sinking fund for the payment of the proposed issue, both of which ordinance provisions are absent from ordinances relating to previous judgment bond issues.

The petition further alleges that in violation of Sec. 106, Art. IV of defendant's Charter, Sec. 2895, Revised Statutes Mo. 1929, Mo.St.Ann. § 2895, p. 752, and Secs. 11 and 12, Art. X of the Missouri Constitution, Mo.St.Ann., the ordinance authorizing the issuance of the proposed bond issue failed to provide for an annual tax levy sufficient to meet the requirements of the proposed issue and that as the general sinking fund must be replenished from balances remaining of the general revenues after necessary annual governmental expenses have been paid, the general sinking fund has a claim to any unexpended surplus of annual revenues superior to any claim of the proposed bond issue special sinking fund.

It is alleged that unless the proposed bonds are held to be invalid by this court and their issuance restrained, the marketability and negotiability of plaintiff's bonds will be impaired, the obligation of defendant's contract with plaintiff will be impaired in violation of Sec. 10, Art. 1 of the Constitution of the United States, U.S.C.A., and Sec. 15, Art. II, of the Constitution of Missouri, and that plaintiff will be deprived of his property without due process of law in violation of Sec. 1 of the Fourteenth Amendment of the Constitution of the United States.

It is obvious that plaintiff's complaint is not that by defendant's threatened acts his bonds will be invalidated, nor that his bonds will be taken from him, but that the value of those bonds will be injuriously affected by the proposed action of the defendant. The question of whether plaintiff's petition presents a case of damnum absque injuria should properly be considered by another court if, as defendant contends, this court is without jurisdiction.

While the amount in controversy will ordinarily be determined by the allegations of the petition, if unambiguous, yet the mere assertion that the amount exceeds the jurisdictional minimum will not, without more, confer jurisdiction. It must affirmatively appear from the facts there stated that such is the case.

If the validity of the proposed bond issue is primarily the matter in controversy then the amount involved greatly exceeds the jurisdictional amount. But that is not the primary complaint of plaintiff. In fact, he is not the holder of such bonds for he states none have been issued. Neither does it appear that he is a taxpayer whose

financial burdens may be affected by the issuance of the bonds. Their invalidity is set up as a vehicle, so to speak, by which the relief actually sought may be obtained. And that relief is the maintenance of the market price and marketability of plaintiff's bonds in their present status unaffected by the acts sought to be enjoined. It seems perfectly obvious that plaintiff's only concern relative to the validity of the proposed issue is the effect of their validity on the market price of his bonds.

What is the extent of plaintiff's asserted injury which is about to be brought about by defendant and from which he seeks protection? The only criterion is the allegation of the amended complaint that— "* * * such provisions in said ordinance * * * attempt to create priority and certainty of payment in favor of said Sixth Issue Bonds, and to disparage and impair the marketability and negotiability of plaintiff's said Bonds, * * *" and "That unless said Bonds are declared invalid and a permanent injunction is granted * * * plaintiff will be subjected to irreparable loss and discrimination, and deprived of his property without due process of law." These allegations do not make it apparent that the matter in controversy exceeds the sum or value of $3,000. See City of Belton v. Omaha Trust Co., 5 Cir., 17 F.2d 90; Dewar v. Brooks, D.C., 16 F.Supp. 636 and cases there cited; Zicos v. Dickmann, 8 Cir., 98 F.2d 347; and S. S. Kresge Co. v. Amsler et al., 8 Cir., 99 F.2d 503. The case of Kercheval v. Ross, D.C., 7 F.Supp. 355, was a class action and not in point on the facts.

The motion to dismiss is sustained on the ground the court is without jurisdiction.

It is so ordered.