### S. S .KRESGE CO. v. GODFRIED et al.

No. 2250.

District Court, W. D. Missouri, W. D.

March 3, 1945.

On Motion to Reinstate Case April 6, 1945.

844

Maurice J. O'Sullivan, of Kansas City, Mo., for plaintiff.

Phineas Rosenberg, Arthur N. Adams, Sr., and Arthur N. Adams, Jr., all of Kansas City, Mo., for defendant Godfried.

Charles E. McCoy and Grant I. Rosenzweig, both of Kansas City, Mo., for defendant Shankman.

REEVES, District Judge.

At the pretrial conference of the above case it was urged by the defendants that this court was without jurisdiction for the reason that the amount in controversy was not within the jurisdiction of the court.

Upon such challenge to the court's jurisdiction it became at once the duty of the judge to investigate the question of jurisdiction. This has been done.

The complaint is for a declaratory judgment and there exists a diversity of citizenship. The suit involves a right of way or an easement for ingress and egress over a ten foot driveway running eastwardly toward Troost Avenue from Harrison Street (approximate number being 3124 Troost Avenue), in Kansas City, Missouri, and at the east end of said driveway a twelve foot strip extending northwardly for a distance of approximately 50 feet.

It is the contention of the plaintiff, and it so alleges in its complaint, that the amount in controversy is more than $3,-000. Moreover, it is its contention that the easement was granted in a lease of other property and that for all of the purposes here it was a part of said lease.

An examination of the complaint and the exhibits proffered therewith discloses that a lease was executed for a period of years over adjoining property, and that, for the convenience of the lessee, a provision was placed in the lease for the use of a portion of the grantors' property for ingress and egress into and from the property leased. After the terms of the lease had been set out, these words appear near the end of the instrument:

"* * * the lessee shall have an easement for ingress and egress in and to the West Twelve (12) feet * * * together with an easement for ingress and egress along and across the South Ten (10) feet of the lot or parcel of ground directly West of the said Twelve (12) feet above mentioned."

It is obvious that it was the intention of the lessor to burden his own property (which was reserved and not covered by the lease), with an easement in favor of the lessee. While the easement contains no specific provision for its duration, it is unquestionably implied that the easement would continue so long as the lease continued, and no longer. Whether the easement failed by foreclosure of a mortgage previously given, as contended by the defendant, is not now for consideration. The only question presented is whether the easements or rights of way for ingress and egress, as above mentioned, were worth more than $3,000.

Plaintiff, by the averments of its complaint and the argument of its able counsel, holds to the theory that the value of the easement was determinable from its necessity, and that such necessity would give a value fully within the jurisdiction of the court.

With a copy of the lease the plaintiff has proffered and made a part of its complaint, a communication from one of the defendants who now claims to own the property over which the easement runs or the servient estate.

In denying the right of the plaintiff, or the validity of the easement, the owner said:

"I feel that I am entitled to some revenue if your store is to continue using my driveway. I believe that $10.00 per month for the use of it would be fair for both concerned."

■ The plaintiff mistakenly values its right of ingress and egress upon the basis of the damage to it if the easements were withdrawn or annulled. This is not the rule. The court is helped by analogy in considering rights of way, both privately and publicly obtained, and the decisions in eminent domain cases. Valuation of property appropriated is not to be considered upon the basis of the necessities of the condemnor nor the use to which the condemnor may put it, but solely upon the damages sustained by the property owner. The plaintiff cannot obtain the jurisdiction of this court by putting a fictitious and supposititious value on these easement rights. The property owner of the servient estate, now asserting that the easement is no longer a valid burden, fixes a value which is determinative of the question involved. The value thus fixed is $10 per month or $120 per year. The lease has but a few years to run, and even with the option to extend it for an additional period of twenty years, the present value of the rentals would not be sufficient to give this court jurisdiction. The lease bore date June 26, 1928. It was to continue from February 1, 1929, until Jan. 31, 1959, a period of thirty years. Sixteen years have already expired on the original lease. It has fourteen years to run. The lease, however, contains an option that, on proper notice, at the expiration of the first thirty years, the lessee may renew said lease for an additional term of twenty years upon its then terms and conditions with "negligible exceptions."

■ It is obvious that if the lease were to continue for 34 years, the present value of $120 per year would fall far short of $3000. The court, being without jurisdiction, the cause should be dismissed and it will be so ordered.

## On Motion to Reinstate Case.

Counsel for the plaintiff very earnestly urges that this court has jurisdiction of the above cause for the reason that the amount in controversy is adequate. In support of his motion to reinstate the case, counsel has cited the rather recent case of United States v. General Motors Corporation, 323 U.S. 373, 65 S.Ct. 357.

The point involved in that case was the damages accruing to the property owner by reason of the appropriation under eminent domain. By taking a portion of the property, the property owner was entitled to consequential damages accruing to other and remaining property not taken. This is familiar doctrine. The taking of a portion of a piece of property under eminent domain may be comparable to trespass, and all of the property affected may be considered in determining the question of jurisdiction.

In this case the value of the property owned by the plaintiff is not affected in any way whatsoever except in so remote a way as to make it almost imaginary. The sole issue is the value of an easement over property of another whereby the plaintiff may enjoy ingress and egress to and from its back door. The value of the easement has nothing to do with plaintiff's other property. If, in leasing the premises where the plaintiff now transacts business, it was not careful in protecting itself with respect to a right of way over other property, it cannot be heard to complain now that its entire property is affected by reason of its efforts to protect its title to a right of way.

■■ In the case of McNutt v. General Motors Acceptance Corporation of Indiana, 298 U.S. 178, 56 S.Ct. 780, 784, 80 L.Ed. 1135, the Supreme Court very carefully and quite exhaustively discussed the questions here involved. It was there pointed out that it was the duty of the court to ascertain whether the amount in controversy "really and substantially involve[s] the necessary amount to give it jurisdiction," and the burden is upon the plaintiff or the party asserting jurisdiction to establish that fact. Under the law, "The District Court is vested with authority to inquire at any time whether these conditions have been met." In this connection it is immaterial what averments the plaintiff or the one asserting jurisdiction may have put in the pleadings. The question always present is whether, in truth and in fact, the jurisdictional amount existed.

In this case the plaintiff seeks a declaratory judgment with respect to its right in an easement, which, according to the pleadings, has a value below the jurisdiction of

this court. Moreover, there is a serious question whether or not there is a real dispute between the parties. The plaintiff contends that its easement has a duration equal to that of its lease without regard to whom the owner of the fee is. The fee owner disputes that claim but offers to grant an easement for a mere nominal amount.

All of the facts and circumstances indicate that the jurisdictional amount does not exist so as to confer jurisdiction. See also Zicos v. Dickmann, 8 Cir., 98 F.2d 347.

Incidentally, it may be remarked that the plaintiff does not seek to protect its property, but solely to perfect its right of ingress and egress to and from its back door over the property of another, and, as stated, the value of the easement is determinative of the jurisdiction of the court.