# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-1058

_____

Luisa Chavez-Lavagnino and Debra Yanez,

*Plaintiffs - Appellees*,

v.

Motivation Education Training, Inc., and
Amy Cerna, also known as Amy Cerna-Espinoza,

*Defendants - Appellants*.

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: October 16, 2012
Filed: May 8, 2013

_____

Before RILEY, Chief Judge, COLLOTON and GRUENDER, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Luisa Chavez-Lavagnino and Debra Yanez, two former employees of Motivation Education Training, Inc. ("MET"), initiated this action in Minnesota state court. They alleged that MET and their supervisor, Amy Cerna, terminated them in violation of the Minnesota Whistleblower Act, Minn. Stat. § 181.932, and Minnesota common law. MET and Cerna removed the case to federal court, and Cerna moved

to dismiss both claims against her. The district court dismissed one of the two claims against Cerna, and the remainder of the case proceeded to trial. The jury found in favor of the employees, and Cerna and MET appeal.

After initial briefing, this court requested supplemental briefs concerning subject matter jurisdiction. MET and Cerna removed this case to federal court based on diversity of citizenship. *See* 28 U.S.C. §§ 1441, 1446(c). The record on appeal showed that the employees were citizens of Minnesota, and that MET was a citizen of Texas, but Cerna's citizenship was unclear. We asked the parties to address whether a federal court properly has jurisdiction over this case based on diversity of citizenship under 28 U.S.C. § 1332(a).

MET and Cerna responded that this court has jurisdiction because diversity of citizenship existed at the time of judgment in the district court. Although they acknowledged that Cerna formerly was a citizen of Minnesota, they pointed to her testimony at trial that she had been living in North Dakota "for going on two years," and argued that the timing of her move was irrelevant. In their view, as long as Cerna was a citizen of North Dakota before the district court entered judgment, such that there was complete diversity of citizenship at the time of judgment, the district court properly exercised jurisdiction, and this court has jurisdiction on appeal. The employees did not file a supplemental brief, but agreed at oral argument that the district court had jurisdiction.

Although the parties were diverse when the district court entered its judgment, it does not necessarily follow that the district court had jurisdiction. The jurisdiction of a federal court under 28 U.S.C. § 1332(a) depends on the citizenship of the parties at the time the action is commenced. *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570-71 (2004). For a party to remove a case to federal court based on diversity jurisdiction, the parties must be diverse both when the plaintiff initiates the action in state court and when the defendant files the notice of removal in federal

court. *Gibson v. Bruce*, 108 U.S. 561, 563 (1883); *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011); 14B Charles A. Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, *Federal Practice and Procedure* § 3723, at 695-700 (4th ed. 2009). Therefore, the parties are mistaken that a lack of complete diversity at the time of filing could be cured by showing that Cerna moved from Minnesota to North Dakota before judgment. A jurisdictional defect at the time of commencement can be cured by *dismissal* of the non-diverse party, *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 64 (1996), but it cannot be remedied by a "change in the citizenship of a continuing party." *Grupo Dataflux*, 541 U.S. at 575. Because Cerna is still a party to this case, the district court had jurisdiction only if the parties were completely diverse when the case was filed in state court and removed to federal court.

The record is unclear, however, about whether the parties were diverse when the employees commenced this action. There are pleadings filed by counsel indicating that diversity was lacking. In the notice of removal, MET and Cerna alleged that Cerna was a citizen of Minnesota (like the employees), but argued that removal was proper because she had been fraudulently joined. Before trial, MET and Cerna even moved to dismiss for lack of subject matter jurisdiction, again asserting that Cerna was a citizen of Minnesota, although that motion later was withdrawn.

On the other hand, Cerna's actual testimony at trial on May 13, 2011—that she had been living in North Dakota for "going on two years"—invites the inference that she moved to North Dakota *before* the employees commenced this action. The ordinary meaning of "going on" suggests that she had lived in North Dakota for a period approaching two years, and only seventeen months had elapsed since the employees filed their complaint on December 11, 2009. Cerna's counsel also withdrew her pretrial motion to dismiss for lack of jurisdiction after learning that Cerna was a citizen of North Dakota. The district court, however, made no findings about where Cerna was a citizen at the time of filing, and in light of the competing

inferences arising from Cerna's testimony and the pleadings filed by her counsel, we cannot resolve this factual question on appeal.

Accordingly, as in *Barclay Square Properties v. Midwest Federal Savings & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969-70 (8th Cir. 1990), we remand this case to the district court for the purpose of making findings of fact concerning Cerna's citizenship. On remand, the district court should determine whether the parties were completely diverse when the employees filed their complaint and when MET and Cerna filed the notice of removal. If necessary, the district court may hold an evidentiary hearing, *id.* at 970, and receive new evidence. *See Jones & Laughlin Steel Corp. v. Pfeifer*, 462 U.S. 523, 551 (1983). If the district court finds that Cerna was a citizen of Minnesota when the case was filed or removed, such that complete diversity was lacking, then the court should also determine whether to dismiss her as a dispensable nondiverse party pursuant to Federal Rule of Civil Procedure 21. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 837-38 (1989). While the courts of appeals have authority to dismiss such a party, that authority should be exercised sparingly, and the district court is in a better position to determine whether such a dismissal would prejudice any of the parties to the litigation. *Id.*

For these reasons, we remand the case to the district court, but retain jurisdiction over the appeal. Once the district court's supplemental findings are entered, the clerk should return the case to this panel for disposition of the appeal.

———————————————